# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DISCOVERY PRACTICE ) <br> MANAGEMENT, INC. d/b/a ) <br> CENTER FOR DISCOVERY, and ) <br> DV DUNWOODY, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF DUNWOODY ZONING ) <br> BOARD OF APPEALS and CITY OF ) <br> DUNWOODY, GEORGIA, ) <br> ) <br> Defendants. ) | Case No. 1:15-CV-2707-LMM |

## STIPULATED CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

WHEREAS, Plaintiffs Discovery Practice Management, Inc. d/b/a Center for Discovery and DV Dunwoody, LLC and Defendants City of Dunwoody Zoning Board of Appeals and City of Dunwoody, Georgia (collectively, the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action, including documents, electronically stored information ("ESI"), a response to interrogatories, testimony given at a deposition or hearing, and tangible things or other information produced or supplied in discovery) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. Any Party in this case, including their counsel, shall have the right to designate as Confidential ("Producing Party") for purposes of this Order any

Discovery Material which any Party or non-party produces in this case that the Producing Party in good faith reasonably believes contains non-public, confidential, proprietary, trade secret, financial, or other sensitive information and does not want disclosed other than as may be necessary in this lawsuit.

3. Any information or material designated confidential, including all derivative information therefrom, shall be used by the receiving Party or Parties ("Receiving Party") solely in connection with this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation or proceeding.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.  Further, this Order shall in no way operate to restrict the disclosure or use of any information that is known or becomes known through means or sources other than the production of confidential information in this litigation.

4. Any Producing Party shall make the designation of Confidential for purposes of this Order in the following manner:

    a. In the case of documents or other materials (apart from depositions or other pretrial testimony): by stamping or otherwise clearly

    marking as Confidential the protected portion in a manner that will not interfere with legibility;

b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel for the Producing Party, at the time of such disclosure; or (ii) by written notice, sent to each counsel to all parties within 10 days after receiving a copy of the transcript; and in both of the foregoing instances, by directing the court reporter that the first page and all portions of the original and all copies of the transcript containing any confidential material be stamped CONFIDENTIAL.  During the 10-day period following receipt of the transcript, all Parties will treat the entire deposition transcript as if it had been designated Confidential.  Whenever any information or material designated Confidential is disclosed or used at a deposition in which testimony in this action is given, such testimony shall be conducted with only those persons in attendance who are authorized under this Order to have access to such Confidential Information.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition or thereafter, without further order of the Court.

    c. As to ESI produced in native format, the Producing Party will place confidential documents on a separate digital storage device and will identify the contents of that digital storage device as CONFIDENTIAL. The Receiving Party will ensure that the confidentiality of the ESI is maintained, consistently with the requirements of this Order, even if the individual items of ESI do not bear bates stamps or marking as confidential.

5. Where a Producing Party has designated Discovery Material as Confidential, persons subject to this Order may disclose such information only to the following persons:

    a. The Parties to this action, their counsel, their insurers, and counsel to their insurers;

    b. Counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    c. Outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

d. Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f. Any person noticed for deposition or designated as a trial witness in a pre-trial order to the extent reasonably necessary in preparing to testify, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g. Any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

h. Stenographers engaged to transcribe depositions the Parties conduct in this action; and

i. This Court, including any appellate court, its support personnel, and court reporters.

6. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 5(d), 5(f) or 5(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial), or the conclusion of the case, whichever comes first.

7. Each person who has access to Confidential Discovery Material pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

8. Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with Section III(g) of the Court's Standing Order Regarding Civil Litigation.  The Parties understand that those procedures are as follows:

    a. For documents filed other than during a hearing or trial, as a general matter, this Court will seal only those items enumerated in

the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, any Receiving Party which finds it necessary to file Confidential Discovery Material with the Court should request, in writing, permission from the Producing Party that the Confidential designation be removed, and the parties will work to reach agreement in good faith.  The Producing Party must respond to the Receiving Party's request and engage in a good-faith discussion within 72 hours of such request, but in any event shall respond in a timely manner so as not to delay any filings.

b. The Producing Party is responsible for filing any motion to file under seal.

c. If a Producing Party has good cause to request sealing of material marked or identified as Confidential, the Producing Party shall first present directly to Judge May's Chambers a sufficiently supported motion to file under seal. Further, the Producing Party shall indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to Chambers.  Attached to the

motion presented to Judge May's Chambers should be the material desired to be sealed. The documents should be highlighted to indicate any portion of the documents that should be redacted.

d. The Court will then review the material *in camera* and make a decision whether to grant or deny the motion to seal. If the Court determines that the motion is to be granted, the Court will forward the motion, a signed order, and accompanying materials to the Clerk of the Court for entry of the motion on the CM/ECF docket and appropriate filing of the sealed materials. If the Court determines that the motion is to be denied, then the Court will contact the filing party, which may then retrieve the motion/materials and determine whether it wants to file the document without a seal.

e. The Parties understand and agree that a mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed. The Parties understand and agree the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information.

    f. The Parties understand and agree that the Clerk of the Court is not authorized to accept for filing any document designated as sealed without an order from the Court approving specific documents to be filed under seal.

  9. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of discovery material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing.  Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as confidential.

  10. Nothing contained in this Order will be construed as: (1) a waiver by a Party or person of its right to object to any discovery request; or (2) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

  11. If information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the Producing Party would otherwise be entitled.  If a claim of inadvertent

production is made pursuant to this paragraph with respect to information then in custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made, and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel, to which the applicable law regarding inadvertent production shall apply.

12.     Any materials that have been designated as Confidential by any Producing Party may be released from such confidentiality by such Producing Party without the necessity of obtaining approval from any party or parties that did not designate such materials as Confidential.  Any materials so released may be used by any party without further order of the Court.

13.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all affected Parties may address their dispute to this Court in accordance with federal, local, and individual rules.

14.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any

government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if possible at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15.   Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such

archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

16. A Producing Party's rights pursuant to this Order may only be waived by a writing clearly evidencing an intent to waive such rights.

17. This Order will survive termination of this litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

18. This Order will apply to any parties who are added to the lawsuit.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.  The Court retains such jurisdiction for a period of 1 year following the conclusion of this action, including all appeals.

20. The parties hereby agree to be bound by the terms of this Stipulated Confidentiality Agreement and Protective Order as a matter of contract regardless of whether or when the Court signs the Order.


SO STIPULATED AND AGREED

| | |
|---|---|
| Dated December 24, 2015 | Dated December 24, 2015 |
| /s Laurel E. Henderson | /s/ Heather H. Sharp |
| Laurel E. Henderson | Josh Belinfante |

Ga. Bar No. 346051  
Theodore P. Meeker, III  
Ga. Bar No. 500807  
SUMNER MEEKER, LLC  
14 East Broad Street  
Newnan GA  30263  
770-251-1750  
770-251-1770 (fax)  
lhendersonatty@gmail.com  
tmeeker@numail.org  

*Attorneys for Defendants*

Georgia Bar No. 047399  
Rachel F. Gage  
Georgia Bar No. 547982  
Heather H. Sharp  
Georgia Bar No. 671545  
ROBBINS ROSS ALLOW BELINFANTE  
 LITTLEFIELD LLC  
999 Peachtree Street, N.E., Suite 1120  
Atlanta, GA  30309-3996  
(678) 701-9381  

*Attorneys for Plaintiffs*

SO ORDERED this 4th day of January, 2016.

_____  
LEIGH MARTIN MAY  
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DISCOVERY PRACTICE MANAGEMENT, INC. d/b/a CENTER FOR DISCOVERY, and DV DUNWOODY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF DUNWOODY ZONING BOARD OF APPEALS and CITY OF DUNWOODY, GEORGIA, <br><br> Defendants. | Case No. 1:15-CV-2707-LMM <br><br> NON-DISCLOSURE |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Northern District of Georgia for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Signature


_____
Date